IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JUSTIN S. MOTE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No: 2:16-CV-115
Crim No: 2:12-CR-234
**CHIEF JUDGE EDMUND A. SARGUS**
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Petitioner, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the Court on Petitioner's *Motion to Vacate* (ECF No. 51), Petitioner's *Memorandum* (ECF No. 51-1), Respondent's *Answer* (ECF No. 60), and the exhibits of the parties. For the reasons that follow, Petitioner's *Motion to Vacate* (ECF No. 51), is **DENIED** and that this action is **DISMISSED** as untimely. Petitioner's other pending motions, including his *Motion [for] Equitable Tolling* (ECF No. 49), two *Motions for an Enlargement of Time to Perfect an Appeal* (ECF Nos. 50, 61), and two motions captioned as a *Motion for Discovery and Transcripts to Perfect Appeal* (ECF Nos. 62, 65), all of which were filed by Petitioner on or after the date on which he filed the *Motion to Vacate*, are **DENIED**.

### I. Facts and Procedural History

As a result of a negotiated plea agreement, Petitioner was convicted of one count of coercion or enticement of a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b). (ECF No. 26.) Three other charges were thereupon dismissed. *Id*. At his sentencing

hearing, Petitioner indicated that he understood his right to appeal and that he did not wish to file an appeal.[1] In a *Judgment* filed on July 23, 2013, the Court imposed a term of imprisonment of 300 months. (ECF No. 41.)[2] Petitioner did not file an appeal from that judgment.

On January 12, 2016—two and one-half years later—Petitioner filed a motion asking this Court to waive the statute of limitations and a motion for downward departure based on diminished capacity. (ECF No. 45; ECF No. 47.) Petitioner represented that neither motion was intended to constitute a motion to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 45 at 133; ECF No. 47 at 155.) He further stated: "I wrote the clerk of court to check on the status of my Appeal and found out that my attorney never filed an appeal as requested." (ECF No. 45 at 134.) Petitioner also submitted a December 17, 2015 letter from the Clerk of this Court, acknowledging Petitioner's December 1, 2015 letter, and advising Petitioner that no appeal had been filed in his case. (*Id.* at 136.) The Court denied those motions on January 22, 2016. (ECF No. 48.)

On February 8, 2016, Petitioner filed a *Motion [for] Equitable Tolling* (ECF No. 49), a *Motion for an Enlargement of Time to Perfect an Appeal* (ECF No. 50), the *Motion to Vacate* pursuant to § 2255 (ECF No. 51), and a *Memorandum* in support of the *Motion to Vacate* (ECF No. 51-1). In his first claim, Petitioner asserts that he was denied the effective assistance of trial counsel because his attorney failed to do the following: conduct an adequate investigation; move to exclude unduly prejudicial evidence; challenge motions suppressing evidence favorable to

---

[1] "THE COURT: . . . If you wish to appeal the sentence, you must file a written notice within 14 days of today's date. . . . Do you understand your right to appeal? THE DEFENDANT: Yes, your honor. THE COURT: Do you wish for me to file a notice of appeal on your behalf at this time? THE DEFENDANT: No, your honor. THE COURT: Again, you have 14 days if you change your mind . . . ." (ECF No. 59 at 253.)

[2] This sentence was less than the sentence suggested by the applicable sentencing guideline range. (ECF No. 42.)

2

Petitioner; object to prejudicial hearsay; object to prosecutorial misconduct; call witnesses and present evidence favorable to Petitioner; present mitigating evidence of Petitioner's abusive childhood; pursue a competency examination; and challenge the sentencing factors leading to Petitioner's sentence. (ECF No. 51-1 at 178– 80; 182–84.) Petitioner further asserts that there was a conflict of interest between him and his attorney regarding trial strategy. (*Id*. at 183.) Petitioner alleges that, as a result of these accumulated errors and because his attorney coerced him during the plea agreement stage, his guilty plea was not knowing and voluntary. (*Id*. at 181, 184.)

In his second and third claims for relief, Petitioner alleges prosecutorial misconduct and that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishments.[3] (ECF No. 51 at 167, 169.) Petitioner asserts that he did not raise any of these three claims on direct appeal because his attorney abandoned him and failed to file an appeal after having been requested to do so. (*Id*. at 166–70.)

Recognizing that the timeliness of the *Motion to Vacate* may be an issue, Petitioner asks that the statute of limitations be equitably tolled because he was waiting for a court ruling on his appeal until he "found out" that his attorney had never filed an appeal. (*Id*. at 174.) Petitioner makes the same allegation in his *Motion [for] Equitable Tolling* (ECF No. 49), and asks this Court to waive the statute of limitations and allow him to pursue his *Motion to Vacate* despite its untimeliness. Respondent contends that Petitioner's *Motion to Vacate* is time-barred and that equitable tolling of the statute of limitations is unwarranted.

On June 13, 2016, Petitioner filed a second *Motion for an Enlargement of Time to Perfect an Appeal*, and a *Motion for Discovery and Transcripts to Perfect Appeal*. (ECF Nos. 61, 62.) In

---

[3] Petitioner does not address his second and third claims in his *Memorandum*.

3

those motions, Petitioner asks this Court to order discovery and to allow Petitioner an additional 45 days to perfect his appeal after discovery ends. Petitioner filed a second *Motion for Discovery and Transcripts to Perfect Appeal* on July 17, 2017.

## II. Enlargement of Time to Perfect Appeals

Under Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure, a defendant's notice of appeal in a criminal case must be filed within 14 days after the entry of judgment. In this case, the judgment was entered on July 23, 2013. Thus, Petitioner had until August 6, 2013 to file a direct appeal. This Court's ability to extend that filing deadline is severely limited. The relevant rule provides that:

> [u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R.App. P. 4(b)(4). Accordingly, this Court could extend the time to file a direct appeal only to September 5, 2013. Petitioner's *Motions for an Enlargement of Time to Perfect an Appeal* (ECF Nos. 50, 61) were filed more than two and a half years after that date. This Court is without authority to grant the extension sought by Petitioner.[4] Petitioner's motions (ECF Nos. 50, 61), are therefore, **DENIED**.

## III. Statute of Limitations

The statute of limitations applicable to a motion to vacate pursuant to § 2255 is set forth in 28 U.S.C § 2255(f):

---

[4] The first *Motion for an Enlargement of Time to Perfect an Appeal* was executed by Petitioner on February 1, 2016, (ECF No. 50 at 162), and was filed in this Court on February 8, 2016. The second *Motion for an Enlargement of Time to Perfect an Appeal* was executed by Petitioner on June 7, 2016 (ECF No. 61 at 283), and was filed in this Court on June 13, 2016.

4

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "Generally, a conviction becomes final upon conclusion of direct review." *Johnson v. United States*, 457 F. App'x 462, 464 (6th Cir. 2012) (citing *Sanchez–Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)). If a direct appeal is pursued, the judgment becomes final upon the expiration of the 90-day period in which the defendant could have petitioned for *certiorari* to the United States Supreme Court, even if no such petition is filed. *Id.* (citing *Sanchez–Castellano*, 358 F.3d at 426–27). On the other hand, if no direct appeal is filed, "the judgment become final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Id.* (quoting *Sanchez–Castellano*, 358 F.3d at 427).

As described above, Petitioner had 14 days to appeal his July 23, 2013 conviction. *See* Fed. App. R. 4(b)(1)(A). Because he did not file an appeal, Petitioner's conviction became final

5

on August 6, 2013, when that 14 day period to file an appeal expired. Pursuant to § 2255(f)(1),[5] the statute of limitations began to run the following day and expired one year later on August 7, 2014. Petitioner waited approximately 18 months thereafter to file his *Motion to Vacate* under § 2255.[6] Consequently, Petitioner's *Motion to Vacate* is untimely.

## IV. Equitable Tolling

The statute of limitation under 28 U.S.C. § 2255(f) is subject to equitable tolling. *See Johnson*, 457 F. App'x at 469 (citing *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). A petitioner is entitled to equitable tolling only when he shows that: (1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 470 (quoting *Hall*, 662 F.3d at 749 (6th Cir. 2011) (citing *Holland*, 560 U.S. at 648)).[7] "Petitioner bears the burden of persuading the court that he or she is entitled to equitable tolling." *Id.* at 469 (citing

---

[5] Petitioner does not invoke § 2255(f)(4) or contend that the one-year statute of limitations began running only on the date that he learned from the Clerk's Office that his attorney had not filed an appeal. Even if he had made such an assertion, the record fails to show that Petitioner was unable to discover that no appeal had been filed through the exercise of due diligence. Instead, as explained *infra*, the Court concludes that petitioner was not diligent in this regard.

[6] The *Motion to Vacate* was executed by Petitioner on February 1, 2016, (ECF No. 51 at 175), and was filed in this Court on February 8, 2016.

[7] Equitable tolling is also available when a petitioner makes a credible claim of actual innocence on the basis of newly discovered evidence. *Phillips v. United States*, 734 F.3d 573, 581 (6th Cir. 2013) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Petitioner does not assert, nor does the record reflect, this basis for tolling.

6

*McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)). Equitable tolling is applied only sparingly. *United States v. Sferrazza*, 645 F. App'x 399, 408 (6th Cir. 2016).

Petitioner does not satisfy either prong of the *Holland* test. First, Petitioner has failed to demonstrate that he has pursued his rights with reasonable diligence. *See Holland*, 560 U.S. at 635–43, 652. When a petitioner alleges his attorney's abandonment, reasonable diligence requires the petitioner's "'diligent and consistent efforts to contact his attorney about deadlines.'" *Wilson v. United States*, No. 1:06-CR-338, 2012 WL 2328007, at *2–3 (N.D. Ohio June 19, 2012) (quoting *Patterson v. Lafler*, 455 F. App'x 606, 611 (6th Cir. 2012)).

In this case, Petitioner alleges that he asked his attorney to file an appeal and that he sent his attorney several letters about the status of that appeal. (ECF No. 51-1 at 178). He does not, however, indicate when he allegedly sent such correspondence, which casts doubt as to any assertions of diligence. *See Fitts v. Eberlin*, 626 F. Supp. 2d 724, 730 (N.D. Ohio 2009) (finding that a petitioner was not diligent where he alleged that his letters to his attorney had gone unanswered but failed to specify when he had allegedly sent the letters). Similarly, Petitioner does not specify the number of letters that he allegedly sent to his attorney. The record does establish that the Clerk of this Court received one letter from Petitioner–on December 1, 2015– inquiring about the status of his appeal. (ECF No. 45 at 136).[8] That single inquiry took place more than two years after the expiration of the time to file an appeal and one year after the statute of limitations governing motions to vacate had already expired.

Petitioner explains that he did not take action sooner because he had asked his attorney to file an appeal and he believed that his attorney had done so. Even assuming that Petitioner did, in fact, ask his attorney to file an appeal, Petitioner's mistaken belief that his attorney had done

---

[8] The envelope that contained Petitioner's letter to the Clerk of this Court is postmarked November 30, 2015.

7

so does not excuse his failure to diligently monitor his case for over two years and discover that no appeal had been filed. *See Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) ("[T]o the extent Brown claims that he believed mistakenly that counsel was prosecuting an appeal on his behalf, this does not qualify [as diligence] because Brown failed in his duty to monitor the status of his appeal"); *see also Adams v. United State*, No. 2:13-CV-234, 2014 WL 5369425, at *4 (S.D. Ohio Oct. 21, 2014) (discussing cases where equitable tolling was not warranted even though a petitioner's attorney failed to file a direct appeal); *Taylor v. United States*, No. 4:10-CR-35, 2017 WL 4052378, at *4 (E.D. Tenn. Sept. 13, 2017) (finding that petitioner was not entitled to tolling even though he allegedly asked his counsel to file a direct appeal and he did not learn that counsel did not do so until "years" later; petitioner failed to monitor his case and discover that no appeal had been filed); *Crump v. United States*, No. 1:12-CV-768, 2013 WL 4010231, at *3 (W.D. Mich. Aug. 5, 2013) (finding that the petitioner was not entitled to tolling because he "failed to exercise due diligence and discover that his counsel had not filed an appeal"); *Mendenhal v. United States*, No. 3:05-CR-053, 2012 WL 441196, at *2 (E.D. Tenn. Feb. 12, 2016) (finding that petitioner was not entitled to tolling; although petitioner became concerned about his appeal after he did not hear back from his counsel and his family could not reach counsel for more than ten months after sentencing, nothing prevented petitioner or his family from contacting the Clerk's office to determine if a notice of appeal had been filed); *Edwards v. United States*, No. 1:09-CV-1029, 2010 WL 4279251, at *2, (W.D. Mich. Oct. 25, 2010) (finding that equitable tolling was not warranted even though petitioner believed his attorney had filed an appeal; petitioner failed to monitor the status of his appeal by contacting another source of information, such as the Clerk, after he did not hear from his counsel). Petitioner offers no other explanation as to why he failed to take any additional action sooner.

Moreover, Petitioner has not demonstrated that an extraordinary circumstance prevented him from filing his § 2255 motion in a timely manner. As noted, Petitioner alleges that his attorney abandoned him. Although a garden-variety claim of attorney negligence "does not generally give rise to equitable tolling," the Supreme Court has held that a 'serious instance[ ] of attorney misconduct' may rise to the level of an extraordinary circumstance necessary to justify equitable tolling." *Patterson*, 455 F. App'x at 609–10 (quoting *Holland*, 560 U.S. at 652). One type of serious misconduct that may warrant equitable tolling is attorney abandonment. *Id.* at 610 ("Attorney incapacitation or abandonment has been held to rise to the level of an extraordinary circumstance"); *Maples v. United States*, 565 U.S. 266, 281–83 (2012) (recognizing that abandonment by counsel can excuse a procedural default); *Holland*, 560 U.S. at 659 (Alito, J., concurring in part and concurring in judgment) ("Common sense dictates that a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as an agent in any meaningful sense of that word.")

A conclusion of attorney abandonment, however, requires far more egregious misconduct than Petitioner alleges here. For example, in *Holland*, the petitioner's attorney failed to communicate with the petitioner for several years despite the petitioner's many attempts to contact him, failed to inform the petitioner when his direct appeal had become final, and failed to file a timely habeas petition even though the petitioner had written to him multiple times asking him to preserve the petitioner's habeas rights. 560 U.S. at 631, 635–43, 652. *See also Maples v. United States*, 565 U.S. at 281–83. Notably, Holland had made every effort to monitor his case: he had repeatedly written letters to his attorney about deadlines, including a letter correcting his attorney's miscalculation of the deadline for filing his habeas petition. *Holland*, 560 U.S. at 635–43. He had also repeatedly contacted the state courts and their clerks' offices seeking

9

information about his case, complaining about his attorney's failure to communicate with him, and seeking the removal of his attorney. *Id.* at 637–38, 653. Twice, the petitioner contacted the state bar association and filed complaints against his attorney. *Id.* at 637, 643. He even placed a collect call to his attorney from prison, but his attorney's office declined to accept the call. *Id.* at 640. The petitioner ultimately drafted his own *pro se* habeas petition on the very day that he discovered that his filing deadline had expired and he mailed that petition to the court the following day. *Id.* at 639–40. The Supreme Court reasoned that, under agency principles, a "client cannot be charged with the acts or omissions of an attorney who has abandoned him." *Maples*, 565 U.S. at 282–83 (discussing *Holland*). These circumstances, which consisted of egregious attorney misconduct combined with the petitioner's diligence, led the United States Supreme Court to remand the case for a determination as to whether the attorney had abandoned the petitioner such that equitable tolling might be warranted.

In this case, by contrast, Petitioner does not allege that his attorney engaged in conduct that was tantamount to abandonment in response to Petitioner's diligent and consistent attempts to communicate with him. At best, Petitioner alleges that he sent his attorney several letters that went unanswered before finally writing to the Clerk's Office two years after the deadline for filing a direct appeal had expired and one year after the deadline for filing his habeas petition had expired.[9] These allegations, even if taken as true, simply fail to establish that Petitioner was reasonably diligent. *See Patterson*, 455 F. App'x at 610 (finding a petitioner who alleged that his attorney abandoned him was not entitled to equitable tolling where he "did not make diligent

---

[9] Petitioner's attorney avers in an affidavit that Petitioner did not contact him or ask him to file an appeal until December of 2015, more than two years after the deadline for filing a direct appeal had expired. (ECF No. 60-1, at 281–82.) *See also* (ECF No. 59 at 253.) However, even considering only the evidence and arguments presented by Petitioner, the Court concludes that Petitioner was not reasonably diligent, and that equitable tolling is therefore unwarranted.

10

and consistent efforts to contact his attorney about deadlines only to be consistently ignored by [his] attorney.") If anything, the fact that Petitioner's several alleged letters went unanswered should have prompted him to contact the Clerk's Office sooner. *See Edwards*, 2010 WL 4279251, at *4 (finding that petitioner was not diligent; his attorney's failure to return his phone calls should have prompted him to use other means to learn the status of his case). For these reasons, the Court concludes that equitable tolling is not warranted. Accordingly, Petitioner's *Motion to Vacate* (ECF No. 51), and his *Motion [for] Equitable Tolling* (ECF No. 49), are **DENIED**.

## V. Discovery and Transcripts

Petitioner has moved this Court for an order directing the government to respond to discovery requests and for transcripts.[10] (ECF Nos. 62, 65.) Under Rule 6(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, a district court may authorize a movant to conduct discovery upon a showing of good cause. *Thomas v. United States*, 849 F.3d 669, 680 (6th Cir. 2017). Good cause is established " 'where specific allegations ... show reason to believe that [the movant] may, if the facts are fully developed, be able to demonstrate' " entitlement to relief. *Cornell v. United States,* 472 F. Appx. 352, 354 (6th Cir. 2012) (quoting *Bracy v. Gramley,* 520 U.S. 899, 908–09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). Because Petitioner's motion to vacate is untimely, and equitable tolling of the statute of limitations is unwarranted, his allegations do not show that there are reasons to believe that he may be able to demonstrate that he is entitled to relief. Likewise, under Rule 6(b) of the Rules Governing Section 2255 Proceedings in the United States District

---

[10] The Court notes that much of the discovery that Petitioner seeks should be available to him from his attorney and that hearing transcripts have been filed and are thus available to him from the Clerk of this Court.

11

Courts, the "party requesting discovery must provide reasons for the request." Petitioner's only stated reason for discovery is that he needs discovery and transcripts "so that he may perfect his appeal." (ECF No. 62 at 285; ECF No. 65 at 290.) This blanket rationale would not suffice even if Petitioner's action were not time barred. For these reasons both of Petitioner's *Motion for Discovery and Transcripts to Perfect Appeal* (ECF Nos. 62, 65), are **DENIED**.

## VI. Conclusions

For the foregoing reasons, this action is **DISMISSED** as untimely and Petitioner's *Motion to Vacate* (ECF No. 51), is **DENIED.** In addition, Petitioner's other pending motions (ECF Nos. 49, 50, 61, 62, 65), are also **DENIED**.

**IT IS SO ORDERED.**

3-6-2018
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**