# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JUSTIN S. MOTE,

      Movant,

    v.

UNITED STATES OF AMERICA,

      Respondent.

Civil No: 2:20-CV-388
Crim No: 2:12-CR-234
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Movant, a federal prisoner, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (ECF No. 73.) This case has been referred to the undersigned pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14–1 regarding assignments and references to United States Magistrate Judges.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Court ("Rule 4(b)"), this Court must conduct a preliminary review and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the petitioner is not entitled to relief." If it does so appear, the motion must be dismissed. *Id*. Rule 4(b) allows for the dismissal of motions that state "only bald legal conclusions with no supporting factual allegations." *Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). For the following reasons, it plainly appears that Movant is not entitled to relief from this Court because the instant motion to vacate constitutes a successive petition. Accordingly, the Magistrate Judge

**RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

## Discussion

Pursuant to a negotiated plea agreement, Movant was convicted of one count of coercion or enticement of a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b). (ECF No. 26.) On July 23, 2013, the Court imposed a term of imprisonment of 300 months. (ECF No. 41.) Movant did not file an appeal from that judgment.

On January 12, 2016, Movant filed a motion to vacate under § 2255 ("first motion"). (ECF No. 51, 51–1.) In that first motion, Movant asserted that he was denied the effective assistance of trial counsel; his plea was not knowing and voluntary; his sentence constituted unconstitutionally cruel and unusual punishment; and prosecutorial misconduct. (*Id*.) The first motion was denied as time-barred. (ECF No. 67.) Movant did not appeal that determination. Instead, he sought permission from the Sixth Circuit to file a second motion to vacate that would have raised the same claims presented in the first motion plus an additional claim related to the application of U.S.S.G. § 2G2.1 to his sentence. (ECF No. 68, 71.) On July 12, 2018, the Sixth Circuit denied Movant's request to file a second motion to vacate. (ECF No. 71.) Movant subsequently filed the instant motion to vacate by placing it in the prison mailing system on January 9, 2020. (ECF No. 73, at PAGE ID # 456.) The instant motion raises an entirely new claim.

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) (the "AEDPA") enacted a ban on successive applications for federal habeas relief unless a circuit court of appeals grants an applicant permission to proceed. 28 U.S.C. § 2244(b); § 2255(h). Nevertheless, not every second-in-time or later habeas application is successive such

that an applicant must first obtain permission from a circuit court before proceeding in a district court. § 2255(h); *In re Wogenstahl*, 902 F.3d 621, 626–27 (6th Cir. Sept. 4, 2018) (citing *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (citing *Panetti v. Quarterman*, 551 U.S. 930, 944 (2017)). Indeed, district courts must determine whether an application is second or successive in the first instance. *See In re: Smith*, 690 F.3d 809, 810 (6th Cir. 2012) (remanding case so that the district court could determine in the first instance if claims were successive). A motion is not successive if it presents a new claim that was not presented in a prior motion and the claim: 1) is based on newly discovered facts that call into question the accuracy of the conviction; or, 2) it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court. § 2255(h).

Although not entirely clear, in the instant motion, Movant alleges that his new claim relies on a new rule of constitutional law. Specifically, he asserts that "recent Supreme Court rulings" related to statutes that he was not convicted of violating have rendered the statute that he was convicted of violating, § 2422(b), unconstitutionally vague. (*Id*. at PAGE ID # 448.) This assertion is not well taken. First, the Supreme Court's rulings about other statutes do not constitute a new rule of law related to Movant's statute of conviction. In addition, there is no suggestion that any new rules of law about other statutes apply retroactively to convictions for violating § 2422(b). Moreover, this Circuit has already determined that § 2244(b) is not unconstitutionally vague. *See United States v. Hart*, 635 F.3d 850, 857–58 (6th Cir. 2011); *United States v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000). There is no Supreme Court holding to the contrary.

Accordingly, the Magistrate Judge concludes that this Court is without jurisdiction to entertain the instant motion unless it is authorized by the Sixth Circuit to do so. For that reason,

the instant motion should be transferred to that Court. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

## Recommended Disposition

Therefore, it is **RECOMMENDED** that this action be **TRANSFERRED** to the Sixth Circuit.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the District Judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

                                        */s/ Chelsey M. Vascura*
                                        **CHELSEY M. VASCURA**
                                        **UNITED STATES MAGISTRATE JUDGE**